WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tobias Hetland, | No. CV-21-00487-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Patrick Hirsch, et al., | |
| Defendants. | |

Plaintiff Tobias Hetland filed a Motion for Award of Attorneys' Fees pursuant to LRCiv 54.2(b)(2) and 29 U.S.C. § 216(b). (Doc. 14 at 1, Doc. 14-5). The Court grants the motion.

**I.   BACKGROUND**

The Court previously set forth the factual background of this case. (*See* Doc. 12.) As relevant here, from approximately April 2020 through February 2021, Hetland worked for the Outlaw Roadside Service and Patrick and Jane Doe Hirsch, the owners of Outlaw Roadside Service (collectively, the "Defendants") as a roadside assistance technician.[1] (Doc. 1 ¶¶ 36, 37.) Defendants classified Hetland as an independent contractor, which this Court later found to be erroneous. (*Id.* ¶¶ 39, 40, *see* Doc. 12 at 8.)  Hetland was required to be "on call" twenty-four hours a day, seven days a week, (Doc 1 ¶¶ 39, 40) and generally

---

[1] In Counsel's motion for attorneys' fees, he mistakenly refers to Plaintiff as "Ms. Coe," and claims Plaintiff worked for "approximately two months." (Doc. 14 at 2.) In the interest of conserving judicial resources, the Court will disregard these errors and assess the motion on its merits.

worked 70 or more hours per week (Doc 14. at 2; Doc. 1 ¶ 46). In March 2021, Hetland filed a complaint alleging Defendants unlawfully failed to "pay minimum wage and overtime in violation of the Fair Labor Standards Act" and unlawfully failed to "pay minimum wage due . . . in violation of ARS § 23-363." (Doc. 1 ¶¶ 5, 6; Doc. 14 at 2.)

Defendants were timely served (Docs. 5–7) yet failed to answer or otherwise respond. The Court accordingly granted Plaintiff's Motion for Default Judgment (Doc. 12) and entered judgment in favor of the Plaintiff (Doc. 13) after finding default to be proper under the *Eitel* factors. (Doc. 12 at 9.) *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Subsequently, Plaintiff filed this Motion for Award of Attorneys' Fees in the amount of $5,590.88. This request includes $402 for the complaint filing fee. (Doc. 14-4 at 3; Doc. 14-5 at 6.)

## II.     LEGAL STANDARD

The FLSA requires that, upon application, the Court award the prevailing party reasonable attorneys' fees.[2] 29 U.S.C. § 216(b). Accordingly, before the Court awards attorneys' fees, it must determine the prevailing party and whether the requested attorneys' fees are reasonable. LRCiv 54.2(c); *e.g., McGlothlin v. ASI Capital Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) ("A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. . . . To be entitled to an award, Plaintiff must have prevailed in this matter.").

To determine the reasonableness of a requested award of attorneys' fees, the Court must use the "loadstar" approach. *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 Fed. Appx. 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting

---

[2] The Court notes that Plaintiffs also asserted that they are owed reasonable attorneys' fees under Arizona law. The Court finds the FLSA to be a sufficient basis on which to award attorneys' fees.

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). The Court may adjust the lodestar amount to account for the *Kerr* factors. *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019). Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3).

## III. DISCUSSION

### A. Eligibility for and Entitlement to Attorneys' Fees

For FLSA purposes, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying the *Hensley* standard to an analysis of whether the plaintiff is the prevailing party in an FLSA case). Similarly, courts in this district have held that where filing of an action causes a defendant to pay unpaid wages, even without a judgment, the plaintiff becomes the prevailing party and is thus entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., Aug. 18, 2013). Here, Hetland is the prevailing party because of this Court's default judgment order granting him the wages sought. For this reason, the Court finds Hetland is eligible and entitled to receive reasonable attorneys' fees. *See* 29 U.S.C. § 216(b).

### B. Reasonableness of Requested Attorneys' Fees

#### 1. Time and Labor Required

Plaintiff requests an award of $5,188.88. (Doc. 104 at 5.) The Court must apply the

loadstar approach to determine whether this request is reasonable. *Coe*, 2022 WL 508841, at *1. To calculate the loadstar amount, the Court considers whether a reasonable number of hours were expended and whether those hours were billed at a reasonable rate. *Id.* "The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary*, 398 F. Supp. 3d at 485 (quoting *Carson v. Billings Police Dept.*, 470 F.3d 889, at 891 (9th Cir. 2006)). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

Attorney Clifford P. Bendau, II charged an hourly rate of $378.75. (Doc. 14 at 5.) The Court finds that an hourly fee in the range of $300 to $400 to be reasonable in this market. *See e.g., Coe*, 2022 WL 508841, at *1 (awarding attorneys' fees at a rate of $378.75 per hour); *Mayweathers v. Iconic Results LLC*, No. CV-20-01216-PHX-DJH, 2020 WL 8181700 at *3 (D. Ariz. Nov. 10, 2020) (awarding attorneys' fees at a rate of $378.75 per hour, even though the case was "easy"); *Gualotuna v. Estrella Gymnastics LLC*, No. CV-16-00597-PHX-DLR, 2016 WL 8669298 at *2 (D. Ariz. Oct. 28, 2016) (awarding attorneys' fees for a twenty-year attorney and a three-year attorney at rates of $475 and $375 per hour respectively). The Court finds that Plaintiff has met his initial burden of demonstrating the reasonableness of Counsel's hourly rates.

Next, the Court must consider whether a reasonable number of hours were expended by Plaintiffs' counsel. *Coe*, 2022 WL 508841, at *1. Attorney Bendau represents this case required 13.7 hours of his time. (Doc. 14 at 6.) Upon review of Counsel's time sheet, the Court finds this to be a reasonable amount of time spent on the matter.

### 2. Novelty and Difficulty

The Court finds this case did not present any novel or difficult issues. *Verduzco v. Value Dental Centers Mesa W. AZ LLC*, No. CV-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding an Arizona minimum wage and overtime claim did not present any novel or difficult issues).

///

### 3.     Requisite Skill

The Court finds it takes a "moderate amount of skill to litigate FLSA cases." *Id.* Counsel avers the legal issues raised by this FLSA action were "sophisticated and required extensive knowledge of the law," but also admits that the action had a "straightforward nature." (Doc. 14 at 7.) On balance, this constitutes a moderate amount of skill.

### 4.     Preclusion of Other Employment

Plaintiff's counsel avers that he was not "significantly" precluded from other employment because of this representation. (*Id.* at 7.)

### 5.     Customary Fee

Plaintiff's counsel asserts that his hourly rate of $378.75 is reasonable. (*See id.* at 5.) The Court agrees given its past granting of Counsel's motions for hourly rates of $378.75 and above. *Mayweathers v. Iconic Results LLC*, No. CV-20-01216-PHX-DJH, 2020 WL 8181700, at *1 (D. Ariz. Nov. 10, 2020) (awarding Clifford P. Bendau, II an hourly rate of $378.75). *Knapp v. Invictus Protective Services, et al.*, Case No. 2:19-cv-00878-DWL, ECF. No. 21 (D. Ariz. June 7, 2019) (awarding Clifford P. Bendau, II an hourly rate of $395).

### 6.     Experience, Reputation and Ability of the Attorneys

According to Counsel, his practice area remains exclusively within employment wage litigation, largely under the FLSA. (*Id.* at 10.) He has been practicing law for 10 years and is a managing attorney at his firm. (*Id.*, Doc. 14-5 at 1.)

### 7.     Fixed or Contingent Fee

Plaintiff's counsel worked on a contingency basis, requiring forty percent of the total recovery. (*Id.* at 7, Doc. 14-1 at 3.)

### 8.     Time Limitations

Nothing indicates Plaintiff imposed time limitations on this matter. *See Pozez v. Ethanol Cap. Mgmt., LLC*, No. CV-07-00319-TUC-CKJ, 2013 WL 12095669, at *4 (D. Ariz. July 15, 2013) (granting plaintiff's attorneys' fees even where there were no time limitations imposed).

### 9.     Amount Involved and Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983). Here, Plaintiff received $32,209.80, which accounts for all his estimated unpaid wages, plus additional amounts in liquidated damages. (Doc. 14 at 9.) The Court therefore finds Plaintiff obtained excellent results and Counsel should recover accordingly. *Smith v. Martin Marietta Materials, Inc.*, No. 4:20-CV-80 (CDL), 2021 WL 5141864, at *4 (M.D. Ga. Nov. 3, 2021) (holding that "Plaintiffs obtained excellent results . . . receiving 100% of the amount they sought in their damages computation for such claims.")

### 10.     The Case's Undesirability

Counsel does not label this case as particularly undesirable but does note the inherent risk involved with contingency fee cases. (Doc. 14 at 10–11.)

### 11.     Nature and Length of Relationship with the Client

Prior to the case at hand, Plaintiff has never been represented by Counsel. (*Id.* at 11.) This case has been present on the Court's docket since February 2021.

### 12.     Awards in Similar Cases

Plaintiff references a variety of cases for awards in actions of a similar nature. (*Id.* at 4, 10.) *E.g.*, *Mayweathers*, 2020 WL 8181700 at *1 (granting Counsel's motion for $4,374.30 in attorneys' fees, where plaintiff received the unpaid minimum wages sought, and there was no novelty, undesirability, or significant employment preclusion).

## IV.    CONCLUSION

The Court finds that on balance the *Kerr* factors show Plaintiff's request is reasonable. Thus, the Court awards Plaintiff attorneys' fees of $5,188.88 and costs in the amount of $402.

Accordingly,

**IT IS ORDERED granting** Plaintiffs' motion for attorneys' fees. (Doc. 14.)

**IT IS FURTHER ORDERED** that the Defendant shall pay $5,590.88 in attorneys' fees within 30 days from the date of this order.

**IT IS FINALLY ORDERED** Plaintiffs shall file a notice of satisfaction within 7 days of receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 26th day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge